UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| TIFFENY OSKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:15-cv-00119-RLY-WGH |
| | ) | |
| JOHN J. JEWELL and KURT ECKERT, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANT JOHN J. JEWELL'S
CONVERTED MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Tiffeny Oskins, filed this action against Defendants, John J. Jewell and

Kurt Eckert[1], pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §

1692 *et seq*.  This matter now comes before the court on Defendant John J. Jewell's

Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Jewell filed his

motion on September 10, 2015, and Plaintiff offered no response whatsoever.  On

October 16, 2015, weeks after Plaintiff's deadline to respond had passed[2], the court

notified the parties of its intent to convert the motion to dismiss into a motion for

summary judgment.  *See* Fed. R. Civ. P. 12(d).  As required by the Federal Rules of Civil

Procedure, the court afforded the parties an opportunity to present additional evidence on

the converted motion.  Because Plaintiff had failed to respond to the motion to dismiss,

---

[1] Plaintiff's Complaint names a third Defendant, Trimble & Jewell, but the court granted Trimble & Jewell's converted motion for summary judgment on November 2, 2015.  (Filing No. 17). Trimble & Jewell has therefore been omitted from the case caption.
[2] Local Rule 7.1 mandates that parties submit responsive briefs (for motions other than summary judgment) within fourteen days of the motion being filed.  S.D. Ind. L.R. 7.1(c)(2)(A).

the court recognized that allowing her to oppose the converted motion for summary judgment could be unfair and prejudicial to Jewell.  Accordingly, Plaintiff was ordered to show cause why the court should consider her responses if she chose to submit evidence on the converted motion.  Plaintiff filed a brief in opposition to the converted motion, and claims to have shown cause to excuse her previous failure to respond.  For the reasons set forth below, the court **GRANTS** Jewell's motion.

## I. Order to Show Cause

Plaintiff claims that her lack of response to Jewell's motion to dismiss was not an error, but actually a conscious choice.  She argues that Jewell's motion was so riddled with rule violations that she simply assumed the court would summarily deny it.  To paraphrase the Seventh Circuit's remarks in an attorney discipline case, "If that is really how [Plaintiff's counsel] conducts his practice, he is extraordinarily foolish and exposes his clients to pointless risks."  *In re Riggs*, 240 F.3d 668, 670 (7th Cir. 2001).  Plaintiff's far-fetched reasoning defies common sense.  Attorneys cannot just assume a court will strike a motion in its entirety merely because the motion is not in strict compliance with the local rules.  Any lawyer who decides to take such a gamble is playing with fire, as "district courts have considerable discretion in interpreting and applying their local rules."  *Cuevas v. United States*, 317 F.3d 751, 752 (7th Cir. 2003).

Plaintiff stresses that Jewell's motion violated many rules, but that is not for Plaintiff to unilaterally decide.  The court, not a litigant, determines if a local rule or Rule of Civil Procedure has been violated.  Regardless, the rules Jewell allegedly violated do not support a summary denial of his motion.  Plaintiff invokes Local Rules 5-1(b)

(requiring that filings "be double spaced"), 5-1(c) (requiring compliance with the *CM/ECF Policies and Procedures Manual*), 5-7(b) (requiring an electronic signature in lieu of a handwritten signature), and 7-1(b)(1) (requiring certain motions, including a motion to dismiss, to "be accompanied by a supporting brief"), but these are procedural rules that have no bearing on the merits of Jewell's motion.  The Seventh Circuit has consistently cautioned against "elevat[ing] form over substance, procedure over justice" in a variety of contexts.  *Ray v. Clements*, 700 F.3d 993, 1018 (7th Cir. 2012).  Noticeably absent from Plaintiff's brief is any type of argument that these purported deficiencies in the motion prejudiced her, prevented her from understanding the substance of the motion, or caused service upon her to be defective.

Plaintiff also claims she anticipated Jewell's motion to dismiss would be summarily denied because Jewell relied upon matters outside of the pleadings.  However, the Federal Rules of Civil Procedure do not allow a court to deny a motion to dismiss on this ground.  Rule 12(d) states, "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Thus, a court may (1) exclude the extraneous materials and rule on the motion to dismiss without additional notice to the parties, or (2) consider the extraneous materials and convert the motion to dismiss into one for summary judgment, after giving the parties an opportunity to submit evidence. *Id.*  The court has complete discretion in determining which option to choose.  *Hecker v. Deere & Co.*, 556 F.3d 575, 583 (7th Cir. 2009); *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998).  In other words, the court could have excluded the affidavit Jewell

submitted and ruled on the merits of the 12(b)(6) motion.  Summary denial, at least on this ground, was not an option though.

Plaintiff recognizes that she could have filed a brief in opposition to Jewell's motion to dismiss and highlighted the alleged rule violations.  However, she claims that doing so would have "needlessly" incurred attorney's fees.  This is, of course, not true for reasons stated above.  She goes on to hint that even though the FDCPA allows for fee shifting, fees for time spent opposing the motion to dismiss might not have been recoverable because devoting any time to that task would not have been reasonable.  "What utter nonsense."  *Price v. Wyeth Holdings Corp.*, 505 F.3d 624, 629 (7th Cir. 2007).  Plaintiff noticeably cites no authority in support of this assertion.  The Supreme Court defines a reasonable attorney's fee as "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  There can simply be no debate that it would be reasonable for an attorney to bill for time spent opposing a 12(b)(6) motion that suffers from violations of the local rules.  Even assuming, *arguendo*, that Plaintiff was correct in believing that the court intended to summarily deny the motion, the parties would have had no way of knowing that.  Plaintiff certainly would have been justified in filing a brief, however short[3], in opposition.  The proposition that a court would reject an attorney's request for fees under the FDCPA on the ground that the motion the attorney opposed was procedurally defective is simply untenable.

---

[3] It is worth noting that Plaintiff's entire discussion of the deficiencies in Jewell's motion make up but one short paragraph of her brief.

In the end, Plaintiff has not shown good cause to excuse her failure to respond to Jewell's motion to dismiss. Her explanation for not opposing the motion is hard to swallow, and the court does not find it to be reasonable. Consequently, allowing Plaintiff to oppose the converted motion for summary judgment when she made no attempt to oppose the 12(b)(6) motion would be unfair to Jewell. The court has not considered Plaintiff's proposed brief in opposition to the converted motion.[4]

## II. Motion for Summary Judgment

The court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[I]f the evidence is such that a reasonable jury could return a verdict for the nonmoving party," the motion for summary judgment must be denied. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "On the other hand, where the factual record taken as a whole could *not* lead a rational trier of fact to find for the non-moving party, there is nothing for a jury to do." *Bunn v. Khoury Enters.*, 753 F.3d 676, 682 (7th Cir. 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (emphasis original).

Claims under the FDCPA are subject to a one-year statute of limitations that begins to run on the date of the alleged violation. 15 U.S.C. § 1692k(d). Jewell states, through a sworn affidavit, that he has provided no services to Trimble & Jewell or Eckert since early 2013. (Filing No. 5-1, Affidavit of Defendant John J. Jewell at ¶ 10). He

---

[4] Accordingly, the court has also not considered Jewell's brief in response.

adds that he has not even had access to Trimble & Jewell or Eckert's files since that time. (*Id.* at ¶ 11).  Furthermore, he has had no contact with Plaintiff since early 2013 as well. (*Id.* at ¶ 13).  Accordingly, Jewell argues, Plaintiff's claims against him are time-barred. Indeed, based on these facts, any claim Plaintiff might have had against Jewell would have needed to be filed by early 2014 at the latest.  Yet, the Complaint was filed on August 19, 2015.

Plaintiff did not file a response to Jewell's motion to dismiss, and the court declines to consider arguments raised in her brief opposing the converted motion for reasons stated above.  Thus, the only evidence properly before the court on this motion is Jewell's affidavit.  Jewell's arguments are actually supported by Plaintiff's Complaint though, as Plaintiff only mentions Jewell specifically in connection to events taking place in 2000, 2006, and 2009.  (Filing No. 1, Complaint at ¶¶ 10, 18, 21).  In other words, Plaintiff does not allege that Jewell engaged in collection activity that would fall within the FDCPA's statute of limitations.  Based upon Jewell's affidavit and the allegations in the Complaint, the court finds that there is no genuine dispute as to any material fact and Jewell is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

### III. Conclusion

For the foregoing reasons, the court **GRANTS** Defendant John J. Jewell's

Converted Motion for Summary Judgment (Filing No. 5).


**SO ORDERED** this 9th day of November 2015.

RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana


Distributed Electronically to Registered Counsel of Record.